Sucesores de L. Villamil & Co., S. en C., tercerista y apelante, *v.* Etelvina Pacheco, et al. y José B. Méndez, demandados y apelados.

No. 6333.—*Sometido:* Noviembre 20, 1934. *Resuelto:* Julio 11, 1935.

*R. Castro Fernández,* abogado de la apelante; *González Fagundo & González, Jr.* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación la interpuso la mercantil Sucesores de L. Villamil & Co., S. en C., contra sentencia de la Corte de Distrito de Humacao que declaró sin lugar su demanda de tercería.

Sucesores de L. Villamil & Co., S. en C., y José B. Méndez firmaron el 16 de junio de 1926 un contrato por el cual la primera hizo al segundo una venta condicional de un autocamión (*truck*) marca "Mack" por precio de $6,650 de los cuales el comprador pagó de contado $997.75 y los restantes $5,652.25 se comprometió a pagarlos en veintitrés plazos mensuales de $245.75 cada uno, por los cuales el comprador extendería pagarés a la orden con interés al 9 por ciento anual que serían garantizados por Juan Méndez Santiago. En 16 de mayo de 1928 debía estar satisfecho todo el precio de la compra pero esto no sucedió así, pues en esa fecha estaba debiendo Méndez la cantidad de $2,383.73 y en dicho día, 16 de mayo de 1928, las partes suscribieron un nuevo contrato de venta condicional por el cual el comprador pagó de contado $283.73 y los restantes $2,100 se comprometió a pagarlos en catorce mensualidades, pero quedando reducida la cantidad mensual que debía satisfacer de $245.75 a $150 cada una. En este segundo contrato no fué requerida la garantía de Juan Méndez Santiago. El primer contrato fué registrado tres días después y el segundo a los tres meses siguientes de su otorgamiento. Tampoco pagó Méndez los plazos convenidos y en 27 de septiembre del mismo año 1928 suscribió y entregó a Sucesores de L. Villamil & Co. una carta en la que le decía que después del ciclón que acababa de azotar esta isla su negocio había quedado completamente paralizado, lo que le imposibilitaba cumplir con los plazos

del *truck,* por lo que había decidido hacerle entrega del mismo para que se cobrara los $2,030 importe de su deuda, a cuyo fin le entregaba la licencia del autocamión endosada, rogándole que hiciera lo posible por sacarle algo por encima de su deuda, al venderlo, porque su situación era sumamente angustiosa. Al dorso de la licencia hizo constar Méndez en 27 de septiembre de 1928 que la posesión y dominio del autocamión ha pasado a Sucesores de L. Villamil & Co. Según declaración del Sr. Pedro A. Pizá, encargado de Sucesores de L. Villamil & Co. para la venta de sus autocamiones, y según la de José B. Méndez, el *truck* fué entregado en pago de la deuda. Ese vehículo fué entregado por Villamil a Francisco Vega, de Caguas, para que lo probara porque trataba de comprarlo, y en poder de Vega fué embargado el 8 de noviembre de 1928 por Etelvina Pacheco para pago de una sentencia en cobro de dinero por indemnización que obtuvo contra José B. Méndez. Entonces Sucesores de L. Villamil & Co. presentó la demanda de tercería que motiva esta apelación, para que se le entregase dicho autocamión por ser de su propiedad. José B. Méndez no contestó esa demanda pero sí lo hizo Etelvina Pacheco admitiendo el otorgamiento de los dos contratos de venta condicional de 16 de junio de 1926 y de 16 de mayo de 1928 pero alegando que el segundo de ellos fué simulado y que cuando se otorgó, el *truck* ya era de la propiedad exclusiva de José B. Méndez, quien estaba en posesión del mismo dedicándolo a su empresa y utilizándolo como dueño. Celebrado el juicio recayó sentencia declarando sin lugar la demanda de tercería con las costas.

Aunque el apelante alega seis motivos para que revoquemos la sentencia, de los cuales el último se refiere a la imposición de las costas, los otros cinco se refieren a la prueba, por lo que podemos considerarlos y resolverlos conjuntamente.

■■ La demandante probó en el juicio todos los hechos que hemos expuesto y la demandada Etelvina Pacheco no

presentó prueba alguna tendiente a demostrar que el segundo contrato de venta condicional de 16 de mayo era simulado. La corte de distrito no declaró expresamente en la opinión que escribió para fundar su sentencia que dicho contrato sea simulado, como alegó la demandada, y se limitó a echar sombras sobre el mismo como si por ellas pudiera concluirse que efectivamente tal contrato fué simulado por el hecho de que en él no se exigió que los pagarés fueran garantizados, como se requirió en el primer contrato: porque el contrato de mayo no fué registrado hasta agosto y porque el traspaso del autocamión por Méndez a Villamil hecho en 27 de septiembre no fué registrado hasta el 9 de noviembre, un día después del embargo.

El hecho de que los segundos pagarés no fueran garantizados como lo fueron los anteriores no es de importancia porque la primitiva deuda de $5,652.25 había quedado reducida a $2,100 y porque las contestaciones de José B. Méndez a las repreguntas de la demandada en el juicio demostraron que si bien su pariente Juan Méndez Santiago era solvente cuando se celebró el primer contrato en 16 de junio de 1926, no lo era cuando se firmó el segundo en 16 de mayo de 1928 porque sus bienes fueron embargados por el Banco Territorial y Agrícola de Puerto Rico; aparte de que declaró el Sr. Pizá que la garantía no era de importancia para la casa de Villamil, lo que comprueba el hecho de que no se exigió al fiador Juan Méndez Santiago el pago de los pagarés que por $2,383.73 del primer contrato dejó de satisfacer José B. Méndez. Tampoco es signo de simulación que ese segundo contrato, que la demandada admite fué otorgado, no fuera registrado hasta tres meses después de otorgado pues por el contrario los simulados suelen ser los que son registrados tan pronto se otorgan, aparte de que Villamil estaba garantizado con la inscripción del primer contrato. El fraude o la simulación necesita prueba fuerte y convincente para que pueda ser declarado por los tribunales y las sospechas y conjeturas en que se funda la corte inferior

no son suficientes para que la simulación fuera declarada. Por otra parte, aunque ese contrato fuera simulado subsistiría el primero y seguiría siendo Villamil dueño del autocamión toda vez que Méndez no pagó todo su precio, de lo que no hubo prueba en contrario. Por último, el autocamión no estaba en posesión de Méndez cuando fué embargado sino de Francisco Vega, a quien Villamil lo entregó para que lo probara.

Por lo expuesto, no siendo el autocamión propiedad de José B. Méndez cuando fué embargado sino de Sucesores de L. Villamil & Co., *la sentencia apelada debe ser revocada y dictarse otra declarando con lugar la demanda de tercería, sin especial condena de costas.*